UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SOLORIO,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES DISTRICT COURT,<br>SOUTHERN DISTRICT OF<br>CALIFORNIA,<br><br>                              Defendant. | Case No.: 3:26-cv-1242-CAB-VET<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE**<br><br>[Doc. Nos. 1–2] |

Plaintiff Francisco Solorio, proceeding pro se, is a state prisoner with a civil rights Complaint filed pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis* ("IFP"). [Doc. Nos. 1–2.] Plaintiff alleges that he entered a plea deal in state court which permits his state sentence to run concurrently with a federal probation violation sentence from this Court; he requests that this Court order the sentences to run concurrently. [Doc. No. 1 at 3, 7.] For the reasons set forth below, the Court **DENIES** both of Plaintiff's motions.

I.    **ANALYSIS**

    **A. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

1

$405.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets.  *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).  Prisoners who proceed IFP must pay any remaining balance in increments or installments, regardless of whether their action is ultimately dismissed.  28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

Plaintiff's IFP application does not include a trust fund account statement. [*See* Doc. No. 2.]  The Court cannot grant Plaintiff's IFP application without a trust fund account statement containing financial information for the 6-month period immediately preceding the filing of his Complaint.  *See Andrews*, 398 F.3d at 1119 ("prisoners must demonstrate that they are not able to pay the filing fee with an affidavit and submission of their prison trust account records."), citing 28 U.S.C. § 1915(a)(1)&(2).

The motion to proceed IFP is **DENIED** based on Plaintiff's failure to pay the filing fee or to submit a properly supported motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) & 1915(a).

///

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

**B. Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

Even if Plaintiff completes an application for IFP, the Court notes that his complaint would be dismissed.  Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen any IFP complaint and *sua sponte* dismiss it if the allegation of poverty is false or to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.  *Id.*  The Court, however, considers Plaintiff's position as a pro se litigant at the pleading stage and construes the pleading liberally.  *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018).

The only Defendant named in this action is the United States District Court for the Southern District of California.  However, 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of *state* law, violate federal constitutional or statutory rights."  *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (emphasis added).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law."  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

Plaintiff does not allege a state actor has violated a federal right as necessary to establish § 1983 liability.  Rather, he seeks to have this Court direct that the probation violation sentence imposed by this Court run concurrent with the state sentence he is

currently serving.  [Doc. No. 1 at 3, 7.]  Thus, the Complaint does not state a claim under § 1983.  In addition, claims related to the "circumstances" of a prisoner's confinement are properly brought in a civil rights action, while constitutional challenges to the validity or duration of a prisoner's confinement must be raised in federal court, if at all, in a federal petition for a writ of habeas corpus.  *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a [civil rights] action."), *see also Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) ("Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'"), *quoting Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a prisoner with the exclusive means to attack the validity of his confinement in federal court).

Accordingly, because Plaintiff does not allege a state actor has violated a federal right as necessary to bring a 42 U.S.C. § 1983 claim, and because he can only proceed with his claim in federal court in a habeas action, the Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.  *See Lopez*, 203 F.3d at 1126–27.  The dismissal is without leave to amend.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (a district court may dismiss a pro se complaint without leave to amend where "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *see also Schmier v. U.S. Ct. of Appeals for Ninth Cir.*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing futility of amendment as a proper basis for dismissal without leave to amend).

Plaintiff may consider bringing his claim in a separate habeas action.  *See Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008) (noting that "motions to contest the legality of a sentence" are filed under 28 U.S.C. § 2255 in the sentencing court, while petitions

challenging "the manner, location, or conditions of a sentence's execution" must be brought pursuant to 28 U.S.C. § 2241), quoting *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

## II.    CONCLUSION

Plaintiff's Motion to proceed IFP is **DENIED** and Plaintiff's Complaint is **DISMISSED** without leave to amend.  The Clerk of Court **SHALL** send Plaintiff a blank Southern District of California 28 U.S.C. § 2241 habeas petition form and a blank Southern District of California IFP form along with a copy of this Order.  Should Plaintiff file an application to proceed IFP with a habeas petition, he must include a copy of his prison inmate trust account.

The Clerk of the Court shall close this case.

**IT IS SO ORDERED**.

Dated:  April 3, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

5